UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 19-cv-80394-ROSENBERG/REINHART

SANDOVAL WHOLESALES, INC.,

        Plaintiff,

v.

FARM FRESH PACKERS, LLC, et al.

        Defendants.

_____

## REPORT AND RECCOMENDATION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 97) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 98)

Currently pending are two motions: Defendant Jeffrey Pfaff's Motion for Judgment on the Pleadings and Plaintiff's Motion for Summary Judgment. ECF Nos. 97, 98. These motions were referred to me by the Hon. Robin L. Rosenberg. ECF No. 71. I have reviewed the motions (including the parties' response and reply papers),[1] as well as the Complaint (ECF No. 1), and Defendant Pfaff's Answer/General Denial (ECF No. 9). For the reasons stated below, I **RECOMMEND** that both motions be **DENIED.**

## BACKGROUND

The Complaint alleges that between April 24, 2017 and July 12, 2018, Plaintiff sold $183,747.90 in agricultural goods to Defendant Farm Fresh Packers (FFP), which is controlled by Defendant Jeffrey Pfaff. Complaint ¶¶ 2(c), 5. Plaintiff contends that Defendants failed to pay for the produce in violation of the Perishable Agricultural Commodities Act (PACA), which requires

_____

[1] Plaintiff did not file a reply in support of its Motion for Summary Judgment and the time for doing so has expired.

a purchaser to "tender full payment promptly to its unpaid suppliers of [p]roduce." *Id.* ¶¶ 10, 11.[2]
In Counts V-XI, Plaintiff alleges causes of action against Mr. Pfaff for breach of fiduciary duty,
conversion and unlawful retention of PACA Trust Assets, fraudulent transfer, and constructive
trust.[3] Plaintiff alleges that FFP was insolvent and transferred PACA Trust Assets to the individual
Defendants who unlawfully received and retained the funds and used them to purchase and
maintain properties in Boca Raton and Jacksonville Beach, Florida.

In his Answer to the Complaint, Mr. Pfaff stated, "I DENY AND DISPUTE ALL OF THE
ALLEGATIONS IN THIS CIVIL ACTION COMPLAINT."   ECF No. 9 at 2 (emphasis in
original).

## LEGAL STANDARDS

1. Judgment on the Pleadings

"Judgment on the pleadings is appropriate where there are no material facts in dispute and
the moving party is entitled to judgment as a matter of law.*" Perez v. Wells Fargo N.A.*, 774 F.3d
1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th
Cir. 2001)).   A motion for judgment on the pleadings is evaluated under the same standard as a
motion to dismiss.   *See Hawthorne v. Mac Adjustment*, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).
Courts accept as true the facts alleged in the non-moving party's pleading, and those facts are
viewed in the light most favorable to the non-moving party.   *Perez*, 744 F.3d at 1335 (citing
*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

---

[2]  Defendant Jeffrey Pfaff was the only Defendant to respond to the Complaint.  ECF No. 9.  A
Clerk's Entry of Default was entered against all other Defendants.  ECF No. 35.

[3]   In his Motion for Judgment on the Pleadings, Mr. Pfaff only seeks the entry of judgment on
Counts VI-XI, thus even if Mr. Pfaff prevailed on his motion, Count V which alleges that Mr. Pfaff
breached his fiduciary duty, would remain.

"If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 744 F.3d at 1335. "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2022) (Rule 12(c) provides "a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings"). "[I]f the pleadings do not resolve all of the factual issues in the case, proceeding with discovery and potentially a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion." *Id.*

2. <u>Summary Judgment</u>

The legal standard for summary judgment is well-settled:

> A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including inter alia, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." A fact is material if it "might affect the outcome of the suit under the governing law." The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor.
>
> . . .
>
> The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. Once this burden is satisfied, "the nonmoving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in his favor.

*Rubenstein v. Fla. Bar*, 72 F. Supp. 3d 1298, 1307–08 (S.D. Fla. 2014) (J. Bloom) (citations

omitted).

> The moving party's burden on a motion for summary judgment "depend[s] on whether the legal issues ... are ones on which the movant or the non-movant would bear the burden of proof at trial." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). "[F]or issues on which the movant would bear the burden of proof at trial, 'that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial.'" *Id.* (quoting *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. In State of Ala.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). "For issues, however, on which the non-movant would bear the burden of proof at trial, 'the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.'" *Id.* (quoting *Four Parcels*, 941 F.2d at 1437–38).

*Nunez v. Coloplast Corp.*, 461 F. Supp. 3d 1260 (S.D. Fla. 2020) (J. Singhal).

## DISCUSSION

### 1. Defendant Pfaff's Motion for Judgment on the Pleadings

Having considered the parties' competing pleadings, I find that Mr. Pfaff's Answer denying all of the facts alleged in the Complaint, precludes the entry of judgment in his favor under Rule 12(c). Mr. Pfaff's motion contends that he is entitled to a judgment in his favor based on the insufficiency of the allegations in Plaintiff's "shotgun pleading," which Mr. Pfaff claims rely upon "nothing more than labels and conclusions." ECF No. 97 at 5-8. Mr. Pfaff's arguments are misplaced.

Although a motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(b)(6),[4] the stark contrast in the relief each rule provides (dismissal of a claim — often without prejudice or with leave to amend — as opposed

---

[4]   Rule 12(c) motion may be employed by the defendant as a vehicle for raising several of the defenses enumerated in Rule 12(b) after the close of the pleadings. *See* 5C Wright & Miller, Fed. Prac. & Proc. § 1367.

to final judgment in the movant's favor) reveals why Rule 12(c) requires more of the movant than mere allegations of an insufficient pleading.  For a movant to prevail under Rule 12(c), he must admit to the facts alleged in the complaint (or at least not controvert them) and demonstrate that there are only questions of law for the court to resolve.  *See* 5C Wright & Miller, Fed. Prac. & Proc. § 1367 (noting that Rule 12(c) is commonly used to decide statutory interpretation, construction of a will, or applicability of a statute of limitations).  In this regard, the burden on a movant seeking Rule 12(c) relief is akin to that for a Rule 56 summary judgment motion.  *See* 5C Wright & Miller, supra § 1367, at 259 (3d ed. 2004) ("[Unlike a 12(b) motion, a motion for judgment on the pleadings] is directed towards a determination of the substantive merits of the controversy; thus, federal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner.").

Here, Mr. Pfaff failed to meet his burden.  There are no undisputed facts on which the Court can frame the legal issues because in his Answer, Mr. Pfaff unequivocally denied all the allegations in the Complaint.  Accordingly, Mr. Pfaff is not entitled to judgment in his favor even if Counts XI-VI fail to allege certain required elements (i.e., intent and unjust enrichment).  *See, e.g., Am. Residential Equities, LLC v. GMAC Mortg., LLC*, No. 1:10-CV-21943, 2011 WL 13100213, at *6 (S.D. Fla. Mar. 8, 2011) ("disputes and factual uncertainty" precluded entry of judgment on the pleadings); *B&G Equip. Co., Inc. v. Airofog USA, LLC*, No. 8:19-CV-403-T-36AEP, 2020 WL 1478504 (M.D. Fla. Mar. 26, 2020) (defendant's motion for judgment on the pleadings denied due to disputed issues of fact).

2.  Plaintiff's Motion for Summary Judgment

Similarly, Plaintiff's motion for summary judgment fails due to disputed issues of fact. Despite Plaintiff's unsupported claim that "[t]here is no genuine dispute that Plaintiff sold

$183,747.90 of fresh tomatoes to [FFP] and that the full balance is still outstanding" (ECF No. 98 at 5), Mr. Pfaff's denial of all the allegations in the Complaint proves otherwise.  Notably, in its Statement of Material Facts (SOF) (ECF No. 98-1), Plaintiff relies solely on the unsworn allegations in its Complaint as evidence that Defendants "failed to pay for the produce [] purchased from Sandoval."  SOF ¶ 8.  Likewise, Plaintiff does not cite to any evidence in the record to support the proposition that "All five Fa[r]m Fresh [bank] accounts . . . are considered PACA trust assets."  SOF ¶ 18.  These unsupported (and disputed) allegations do not constitute sufficient proof to prevail on a motion for summary judgment.

Moreover, Plaintiff's reliance on the provisions of PACA to allege that there is a "statutory trust on all produce-related assets" and "all proceeds from the sale of produce" (ECF No. 3-4) is misplaced because there is nothing in Plaintiff's SOF to establish that assets from the sale of produce were held in Defendants' bank accounts.  Again, relying solely on the unsworn allegations in its Complaint, Plaintiff states in its SOF that "PACA trust assets held by Farm Fresh Packers for the beneficial interest of Plaintiff were used for the acquisition, maintenance, and/or improvement of the Boca Raton Property" (SOF ¶ 21) and that "PACA trust assets held by Farm Fresh Packers meant to benefit Sandoval were used for the acquisition, maintenance, and/or improvement of the Jacksonville Property" (SOF ¶ 24).[5]  The deposition testimony that Plaintiff relies upon to show that certain payments were made from Defendants' bank accounts does nothing to establish that these accounts were subject to PACA's requirements.

In sum, Plaintiff has failed to satisfy its initial burden by showing the absence of a genuine issue of material fact and for that reason alone Plaintiff's motion should be denied.

---

[5]  Plaintiff's SOF states that the Boca Raton Property and the Jacksonville Property are owned by Mr. Pfaff (SOF ¶¶ 20, 23), however, these facts are disputed in Defendant Pfaff's Responsive SOF (ECF No. 121), which relies upon a deed and Mr. Pfaff's affidavit for support.

## RECOMMENDATION

WHEREFORE, I **RECOMMEND** that Defendant Jeffrey Pfaff's Motion for Judgment on the Pleadings (ECF No. 97) and Plaintiff's Motion for Summary Judgment (ECF No. 98) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 29th day of July 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE